IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| AMTX HOTEL CORPORATION | § | |
| | § | |
| V. | § | 2:12-CV-035-J |
| | § | |
| HOLIDAY HOSPITALITY | § | |
| FRANCHISING INC. | § | |

**<u>OPINION</u>**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.

On July 31, 2006, Plaintiff AMTX Hotel Corporation entered a 10-year licensing agreement with Defendant Holiday Hospitality Franchising Inc.  AMTX alleges that it initially expended in excess of $2 million dollars renovating and remodeling to meet Holiday's property improvement plan for the license and, later, more than $200,000 to comply with "Relaunch" requirements under the license.

AMTX alleges that before it entered the agreement that Holiday promised and represented that AMTX's license agreement would be renewed as long as AMTX was in compliance under the license (franchise) agreement and that no other full service Holiday Inns were "set to be licensed" in the Amarillo, Texas, area.  It alleges that Holiday now refuses to renew the license[1] and has licensed seven Holiday Inns since AMTX's purchase of the hotel.  Plaintiff alleges that, in October of 2008, defendant notified plaintiff of an application for a full service Holiday Inn near the Amarillo Medical Center.  Plaintiff objected.  Plaintiff alleges that it learned in 2010 that the new franchise was approved.

---

[1]   It is undisputed that defendant told AMTX in 2011 that it "could apply for early relicensure," and that AMTX did apply.  AMTX alleges that defendant responded with unreasonable property improvement requirements.

AMTX sues for undescribed damages alleging violation of the contract and an implied covenant of good faith and fair dealing, promissory estoppel, and fraud. Defendant Holiday denies the allegations and states that each of the alleged acts is specifically authorized by the terms of the license.

Defendant has tendered the license agreement which is properly before the Court because it is referenced in plaintiff's complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The license expires by its terms 10 years after July 31, 2006. There is no allegation that it is not still in effect.

The license contains a Georgia choice of law clause. It is undisputed that the license agreement is governed by and construed under Georgia law. The parties agree that Texas law governs plaintiff's fraud claim.

## THE LICENSE AGREEMENT

The License agreement between Defendant and Plaintiff grants Plaintiff a ten-year license to use the name "Holiday Inn" and "Holiday Inn Express." It expressly states that the license is not renewable.

### *Expiration of Term*

This License will expire without notice on **ten (10) years** from the date hereof, subject to earlier termination as set forth herein. This License is not renewable, and Licensee acknowledges and agrees that this License confers upon Licensee absolutely no right of license renewal following the expiration of the License Term.

*Exclusivity and Renewability of the License*

The License agreement states that the License is non-exclusive and that Licensor's right to license the system at any other location is not limited.

> Licensor hereby grants to Licensee a non-exclusive License to use the System only at the Hotel, but only in accordance with this License and only during the "License Term" beginning with the Term commencement Date and terminating as provided under paragraph 12 hereof. The License applies to the location specified herein and to no other location. Licensee acknowledges that Licensor, its divisions, subsidiaries, affiliates and parents are and may in the future be engaged in other business activities including lodging and related activities and that Licensee is acquiring no rights hereunder other than the right to use the System as specifically defined herein in accordance with the terms of this License.

> This License does not limit Licensor's right or the rights of any parent, subsidiary or affiliate of Licensor, to use or license the System or any part thereof or to engage in or license any business activity at any other location, including, without limitation, the licensing, franchising, ownership, operation and/or management of lodging facilities and related activities under the names and marks associated with the System and/or any other names and marks. Licensee acknowledges that Licensor's rights to use and or/or license the System, referenced immediately above, pre-date this License and are not limited or changed by the terms of this License. Licensee agrees that by acknowledging those rights, the parties do not intend to make Licensor's exercise of such rights subject to rules applicable to contractual performance or the exercise of contractual discretion under this License.

*Merger and Release Provisions*

The License contains a general merger provision under the section "Entire Agreement":

> This is the entire agreement between the parties pertaining to the licensing of the Hotel and supersedes all previous negotiations and agreements between the parties pertaining to the licensing of the Hotel as a Holiday Inn brand group hotel or Holiday Inn express brand group hotel. No change in this License will be valid unless in writing signed by both parties. No failure to require strict performance or to exercise any right or remedy hereunder will preclude requiring strict performance or exercising any right or remedy in the future.

A section titled "General Release and Covenant Not to Sue":

Licensee and its respective heirs, representatives, successors and assigns, hereby release, remise and forever discharge Licensor and its parents, subsidiaries and affiliates and their directors, employees, agents, successors and assigns from any and all claims, whether known or unknown, of any kind or nature, absolute or contingent, if any there be, at law or in equity, from the beginning of time to and including, the date of Licensor's execution of this License, and Licensee and its respective heirs, representatives, successors and assigns do hereby covenant and agree that they will not institute any suit or action at law or otherwise against Licensor, directly or indirectly relating to any claim released hereby by Licensee. This release and covenant not to sue shall survive the termination of this License. Licensee shall take whatever steps are necessary or appropriate to carry out the terms of this release and covenant not to sue upon Licensor's request.

And finally, a section found at the beginning of the agreement, titled "The License."

Licensee has independently investigated the risks of the business to be operated hereunder, including current and potential market conditions, competitive factors and risks, has read Licensor's Uniform Franchise Offering Circular for prospective Holiday Inn and Holiday Inn Express brand group franchisees ("UFOC"), and has made an independent evaluation of all such facts. Neither Licensor nor any other person on Licensor's behalf has made any representation to Licensee concerning the License not fully set forth herein.

### Business Judgment

A section grants the Licensor absolute right to exercise discretion in its business judgment.

Licensor and Licensee recognize and agree, and any mediator or judge is affirmatively advised, that certain provisions of this License describe the right of licensor (or one of its committees) to take (or refrain from taking) certain actions in the exercise of its business judgment as to the long-term overall interests of the System, and/or upon its determination that the change was adopted in good faith and is consistent with the long-term overall interests of the System. Where such judgment has been exercised by Licensor (or one of its committees), neither a mediator, nor a judge, nor any trier of fact shall substitute his, her, or their judgment for the judgment so exercised by Licensor.

## Legal Standard

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) alleging that Plaintiffs have failed "to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (2008).

The federal rules require only that a pleading have "a short and plain statement of the claim showing the pleader is entitled to relief…" FED. R. CIV. P. 8(a)(2) (2008). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavour" and "rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing Wright & Miller, *Federal Practice and Procedure: Civil*, §1357 at 598 (1969). Courts must liberally construe the complaint in favor of the plaintiff, taking all of the facts pleaded as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986), *see also Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 604 (5th Cir. 1981).

While a complaint does not have to have "detailed factual allegations" to survive a motion to dismiss, the plaintiffs must provide the grounds that entitle them to relief that, if assumed to be true, "raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 553-56.

When the allegations in the complaint, even if true, "could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.*, *citing Twombly*, 127 S.Ct. at 1966 (citations omitted).

**Plaintiff's First Claim For Relief**

**Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing**

Plaintiff does not allege any violation of the written License Agreement.

Plaintiff specifically alleges that the Implied Covenant of Good Faith and Fair Dealing 1) prohibited Defendant from selling Plaintiff a hotel, only to sell additional hotels subsequently that Defendant knew would cause harm to Plaintiff; 2) was violated by Defendant denying Plaintiff's application to remain the Holiday Inn branch franchisee for an additional term; and 3) was violated by Defendant's approving an application for the competing Holiday Inn Full Service Medical Center without disclosing the approval to Plaintiff and requiring Plaintiff to pay the costs of refurbishing and relaunch.

Under Georgia law, an independent claim for breach of the duty of good faith and fair dealing is not recognized; rather, any such claim must be based on a specific obligation under the terms of the contract. *American Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F.Supp.2d 1356, 1370 (N.D. Ga 2006). Thus,

> in order to state a claim for breach of the implied duty of good faith and fair dealing, a plaintiff must set forth facts showing a breach of an actual term of an agreement. General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provisions are not actionable.

*Id.* citing *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990); *Tart v. IMV Energy Sys. of Am., Inc.*, 374 F.Supp.2d 1172, 1183 (N.D. Ga. 2005).

The License Agreement specifically gives defendant the right to take each of the actions which plaintiff alleges violate an implied covenant and good faith and fair dealing. Therefore, Holiday is entitled to dismissal of AMTX's claims of breach of contract and implied covenant of good fath and fair dealing.

### Plaintiff's Second Claim For Relief

### Promissory Estoppel and Detrimental Reliance

As the specific basis for its promissory estoppel claim, plaintiff alleges that based on representations and promises that plaintiff's franchise would be renewed and that no other competing Holiday Inn branded properties were in the pipeline, and that if any were ever in the pipeline, that plaintiff's objections would be fully considered, plaintiff expended significant amounts of time and money purchasing and renovating the hotel. It alleges that defendant mislead plaintiff by concealing from plaintiff the fact that it would not be relicensed in the Amarillo market and the fact that a full service franchise had been promised to the Holiday Inn Full Service Medical Center.

Promissory estoppel is a doctrine wherein consideration is supplied by the reliance of the promisee on the promise of another. To prevail on a promissory estoppel claim under Georgia law, the plaintiff must demonstrate that: (1) the defendant made certain promises; (2) the defendant should have expected the plaintiff to rely on such promises; and (3) the plaintiff relied on those promises to his detriment. O.C.G.A. § 13-3-44(a); *F & W Agriservices, Inc. v. UAP/Ga. Ag. Chem., Inc.*, 250 Ga.App. 238, 241, 549 S.E.2d 746 (2001). The threshold requirement for a promissory estoppel claim is that there be some enforceable promise by the defendant. *See Mooney v. Mooney*, 245 Ga.App. 780, 783, 538 S.E.2d 864 (2000); *Loy's Office Supplies, Inc. v. Steelcase, Inc.*, 174 Ga.App. 701, 702, 331 S.E.2d 75 (1985). Where Plaintiff seeks to enforce an underlying contract which is reduced to writing, promissory estoppel is not available as a remedy. *See Adkins*, 411 F.3d 1320 (11th Cir. 2005).

Here the complaint alleges promises concerning matters that are fully addressed in an existing licensing contract, and the alleged promises and representations alleged in the contract are clearly and unambiguously inconsistent with the contract.

Defendant is entitled to dismissal of plaintiff's claim based on promissory estoppel and detrimental reliance.

### Plaintiff's Third Claim for Relief

### Fraud

As a specific basis for its fraud claim, plaintiff alleges that defendant failed to disclose material facts in that defendant intentionally concealed the fact that defendant was considering a competing application for the franchise in the Amarillo market, that defendant failed to reveal that a full service franchise had been promised to someone else, and that defendant committed fraud in failing to give full consideration to plaintiff's objections to the competing hotels despite its promise to do so.

There is no allegation of a fiduciary or confidential relationship because of which defendant had a duty to make full disclosure.[2]

However, reading the complaint as a whole and liberally construing it, plaintiff also alleges fraud in the inducement by alleging defendant promised that the new Holiday Inn was no longer in the pipeline and would not be built, and that plaintiff would have the right to object to any future, new Holiday Inn branded hotel or other Holiday Inn brands in Amarillo, and that any such objection would be given full consideration.

Holiday contends that plaintiff's fraud in the inducement claim is barred by waiver of reliance and the merger provisions of the license agreement. In *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997), the Texas Supreme Court sought to resolve conflicting lines

---

[2] "[W]hile a fiduciary or confidential relationship may arise from the circumstances of a particular case, to impose such a relationship in a business transaction, the relationship must exist prior to, and apart from the agreement made the basis of the suit. *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995).

of authority concerning such waivers. It acknowledged its holding in *Dallas Farm Mach. Co. v. Reaves*, 158 Tex. 1, 307 S.W.2d 233 (Tex. 1957) that a merger clause can be avoided based on a fraud in the inducement and that the parol evidence rule does not bar proof of such fraud.

In *Schlumberger*, the Court considered the background of the parties and concluded the disclaimer of reliance clause conclusively negated the element of reliance on the representations in question in that case. The Court stated:

> In sum, we hold that a release that clearly expresses the parties' intent to waive fraudulent inducement claims, or one that disclaims reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement. We emphasize that a disclaimer of reliance or merger clause will not always bar a fraudulent inducement claim. *See Prudential*, 896 S.W.2d at 162 (identifying some circumstances in which "as is" clause would not preclude fraudulent inducement claim). We conclude only that on this record, the disclaimer of reliance conclusively negates as a matter of law the element of reliance on representations about the feasibility and value of the sea-diamond mining project needed to support the Swansons' claim of fraudulent inducement.

In *Schlumberger*, the alleged fraud in the inducement was in connection with a release executed to settle a lengthy dispute in which the parties had been embroiled. The Court observed that both parties were represented by highly competent and able legal counsel, that both parties were knowledgeable and sophisticated business players, that, significantly, the parties disagreed throughout their negotiations. The sole purpose of the release was to end the dispute once and for all.

In *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323 (Tex. 2011), the Texas Supreme Court revisited the effect of merger clauses and stated:

> In other words, fraudulent inducement is almost always grounds to set aside a contract despite a merger clause, but in certain circumstances, it may be possible for a contract's terms to preclude a claim for fraudulent inducement by a clear and specific disclaimer of reliance clause

The circumstances in this case before this Court are not fully developed.  It would be premature for this Court to find that allegations of the complaint, if true, could not raise an entitlement to relief on the fraud in the inducement claims.

## CONCLUSION

AMTX Hotel Corporation's causes of action for breach of contract and the implied covenant of good faith and fair dealing, and for promissory estoppel and detrimental reliance are DISMISSED. Defendant's motion to dismiss plaintiff's claim for fraud is DENIED.

IT IS SO ORDERED.

Signed this __7th__ day of June, 2012.

Mary Lou Robinson
United States District Judge